FR:bsg
F. #2009R02325

ORIGINAL FILED
BY ECF IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ MAY 24 2012 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

DOMINICK DELIO,

        Defendant.

- - - - - - - - - - - - - - - -X

PRELIMINARY ORDER OF FORFEITURE

11 CR 0029 (LDW)

WHEREAS, on May 21, 2012, DOMINICK DELIO (the "Defendant") entered a plea of guilty to Count One of the above-captioned indictment, charging a violation of 18 U.S.C. § 1962(d), and all property traceable to such property; and

WHEREAS, pursuant to 18 U.S.C. §§ 981(a)(1)(c) and 1963(a)(3), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), the Defendant consents to the forfeiture of the following: (A) the following property seized from 22 Maple Avenue, Blue Point, New York 11705 on or about November 23, 2009: (i) six thousand three hundred and seventy five dollars and no cents ($6,375.00) in United States currency; (ii) one 12 gauge shotgun, (iii) one Dell PPX computer, serial number 29100-OEM-0001715-54392, (iv) one ACER ZG5 computer, serial number LUS410B087906167732547, (v) one ACER T160 computer, serial number PTS4805004625064B02706, (vi) one HP Vectra computer, serial number US90507787 and (vii) one Samsung GP6450 computer, serial number 0012519751 (B) one hundred and forty eight

thousand, four hundred and sixty dollars and no cents ($148,460.00) seized from safe deposit box #185 at TD Bank located at 425 Route 347 Hauppauge, New York on or about November 23, 2009; (C) the following property seized from 109 Carleton Avenue, East Islip, New York on or about July 28, 2009: (i) one thousand two hundred and forty dollars an no cents ($1,240.00), (ii) one Philips television, (iii) one SONY television and (iv) one Samsung television; (D) the following property seized from 2101-C Pond Road, Bohemia, New York on or about October 22, 2009: (i) one thousand two hundred dollars and no cents ($1,200.00), (ii) one Compaq laptop, serial number CND70234P5, (iii) one Vizio flat screen television, serial number PHSAVAH4606 and (iv) one SONY flat screen television, serial number 4017959; (E) the following property seized from 40-1 Oser Avenue, Hauppauge, New York on or about September 29, 2009: (i) eleven thousand eight hundred and ten dollars and no cents ($11,810.00), (ii) one Panasonic LCD television, serial number MY82060070, (iii) one SONY Bravia television, model number KOL26M3000, (iv) one Audiovox television, serial number LA300H001063, (v) one Samsung television, serial number AKZ43CDQ623 and (iv) one Compaq laptop; (F) the following property seized from 3275 Veterans Highway, Bohemia, New York on or about November 20, 2009: (i) two thousand one hundred and sixty dollars and no cents ($2,160.00) in United States currency, (ii) one Dell computer tower, serial number 1GHV941, (iii) one Panasonic LCD television, serial number TCL32S1,

(iv) one SONY LCD television, serial number 405129 and (v) one Toshiba LCD television, serial number 805101011975; (G) the following property seized from 140-12 Keyland Court, Bohemia, New York on or about August 16, 2009: (i) one White Westinghouse electric stove, (ii) one Kenmore gas stove, (iii) one Magic chef freezer, (iv) one Sanyo HD television, (v) one Vizio HD television; (vi) one Philips television, (vii) one Roam air conditioner, (viii) one Honeywell air cleaner and (ix) one Dell Inspiron 1501 laptop computer all of which were; (H) the following property seized from 80 Knickerbocker Avenue, Unit 6, Bohemia, New York on or about November 23, 2009: (i) four hundred dollars ($400.00), (ii) one SONY flat screen HD television, (iii) one RCA television, (iv) one Daewood VCR, (v) one COBY television and (vi) one Prism 7" television; (I) the following property seized from 856-6 Johnson Avenue, Ronkonkoma, New York on or about July 3, 2009: (i) two thousand nine hundred and seventy dollars and no cents ($2,970.00), (ii) one Gestetner 1302 copier, (iii) one Motorola walkie talkies, (iv) one Samsung monitor, serial number AHL3QP3005, (v) one Audiovox monitor, serial number 06020037713641, (vi) one SONY monitor, serial number 4073345, (vii) one Spectroniq monitor, serial number YT32HN0650A, (viii) one Compaq laptop computer, serial number CNF43016B5 and (xi) one Gateway monitor, serial number LIC22572577; (J) four thousand nine hundred and forty dollars and no cents ($4,940.00) in United States currency seized

from 736 Pleasant Avenue, Westbury, New York on or about November 23, 2009; (K) the following property seized from 16 Emmett Court, West Babylon, New York on or about November 23, 2009: (i) nine thousand one hundred and seventy six dollars and no cents ($9,176.00) in United States currency, (ii) one Firestar 9mm interarms pistol, serial number 1930368, (iii) one Smith & Weston, model number 908 9-millimeter pistol, serial number VDL5008 and (iv) one Cobra 38 special 6-shot revolver, serial number A62176; (L) the following property seized from 7 Ridge Court, Hauppauge, New York on or about November 23, 2009: (i) one thousand three hundred and sixty six dollars and no cents ($1,366.00), (ii) one Harrington and Richardson Arms Co. revolver, (iii) one ACER laptop computer, serial number LXE770X0027520FAAF2000 and (iv) one Gateway laptop computer, serial number T375A11008808 and (M) the following property seized from 1444 America Avenue, North Babylon, New York on or about November 23, 2009: (i) ten thousand three hundred and twenty dollars and no cents ($10,320.00) in United States currency, (ii) one Samsung color laser copier/fax machine, (iii) one Compaq computer tower, serial number CNH5191FG1 and (iv) one HP computer tower, serial number MXF6250CYY (Items A through M are referred to as the "Forfeited Assets").

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

  1. The Defendant shall forfeit to the United States all

of his right, title and interest in the Forfeited Assets pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property constituting or derived from, proceeds obtained directly or indirectly, as a result of his violation of 18 U.S.C. § 1955(a), and/or property used in violation of 18 U.S.C. § 1955(a), and/or as substitute assets pursuant to 21 U.S.C. § 853(p).

2. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General, or his designee, is authorized to seize the Forfeited Assets and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

3. The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and properties forfeited hereunder. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

4. Any person, other than the Defendant asserting a legal interest to the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Assets, in any administrative or judicial proceeding. The Defendant shall take whatever steps are necessary to ensure that clear title to the Forfeited Assets passes to the United States, including the execution of any documents necessary to effectuate the forfeiture of the Forfeited Assets to the United States. Further, if any third party files a claim to the Forfeited Assets the Defendant will assist the government in defending such claim. If the Forfeiture Money Judgment is not paid in full on or before

the Due Date, the Defendant consents to the forfeiture of any other property, real or personal, of his, up to the value of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The payment of the Forfeiture Money Judgment and the forfeiture of the Forfeited Assets shall not be considered a payment of a fine or a payment on any income taxes that may be due.

6. The United States shall have clear title to the Forfeited Assets identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

7. Pursuant to the Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the Defendant upon entry of this Preliminary Order of Forfeiture, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. This Preliminary Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

9. The Court shall retain jurisdiction of this action

to ensure compliance with the terms of this Preliminary Order of Forfeiture.

10. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Preliminary Order of Forfeiture to FSA Asset Forfeiture Paralegal Kristen Lake, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
   May 24, 2012

S/L. D. Wexler
_____
HONORABLE LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE